HURT v. MERCHANTS & MANUFACTURERS INS. CO.

*(Nashville,* December Term, 1948.)

Opinion filed July 9, 1949.

ARTHUR J. GEMIGNANI, Memphis, for plaintiff in error.

McDONALD, McDONALD & KUHN, Memphis, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

At about 8 o'clock on the night of April 3, 1948 plaintiff in error, Hurt, parked his automobile against the curb on the street in front of his home in Memphis. He returned at 12 o'clock that night. His car was still there but during this interval it had been ''damaged'', the damage being to the trunk, rear fender, tail pipe and light, and to the rear bumper which had been bent by whatever damaged the car.

Hurt had the car repaired at a cost of $59.50, and presented his bill for payment to defendant in error, Merchants & Manufacturers Insurance Company. His claim against the company was based on its policy of insurance issued him for a premium of $12.75. This policy insured, with certain exceptions, this car against loss or damage. The insurance Company declined to pay the bill. Hence this suit, which was tried on a stipulation of facts, the facts being those hereinabove stated, together with the further statement that ''neither of the parties herein know what caused the damage''. Hurt has appealed from the judgment of the Circuit Court in favor of the Insurance Company. The case was tried without the intervention of a jury.

Item 3 of the policy provides, insofar as pertinent to this case, this: "Subject to the limits of liability, exclusions, conditions and other terms of this policy, the company agrees to pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, sustained during the policy period."

There follows under what is called the "comprehensive clause" this provision: "Any loss of or damage to the automobile except loss caused by collision of the automobile with another object . . ."

The Insurance Company declined payment on the ground that the damage was caused by collision with another object, hence is a damage against which the car was not insured.

It is the insistence of Hurt that the Insurance Company has failed to establish, as it must, so Hurt contends, by a preponderance of the evidence (1) that the damage to the car was caused by a collision and (2) that said collision was accidental. He asserts that "any deliberate act in causing the damage . . . would not come within the exceptions in the contract of insurance". This insistence is principally predicated upon the holding of the Court of Appeals in *Freeze* v. *The Continental Casualty Co.*, 5 Tenn. App. 261, 271, wherein the Court said: "The preponderance of the proof rests upon the insurance company to estabish the fact that death or injury has resulted from the excepted cause."

The physical condition of this car establishes it as a fact beyond any reasonable doubt that the damage was caused by a collision of this automobile with another rather heavy object. It would be necessary to discard the common experience and observation of man in order to escape this conclusion.

■ It is contended, however, by Mr. Hurt that the Insurance Company must further show that this collision was accidental, rather than intentional. The policy does not agree to pay for damage intentionally inflicted. Its language on this point is that "the company agrees to pay for direct and accidental loss of or damage to the automobile".

■ Moreover, in the absence of evidence, there is a presumption that the collision was accidental, rather than intentional. Appropriate here is the rule stated by this Court in *Polk* v. *Kirtland*, 56 Tenn. 292, 295, in this language: "Every man being presumed to be innocent of violation of law, and to obey it, we are bound by the presumption until it is removed by proof responding to allegation or averment of breach." Appropriate also is the holding of the Court of Appeals in *National Life & Accident Ins. Co.* v. *Hunter*, 14 Tenn. App. 512, 516, where the Court said: "There is no proof in this record that this man threw this broom at or towards the insured intentionally; ., . . Where the act is consistently innocent or wrongful, then in the absence of proof, the presumption is that the act was an innocent act."

So, the undisputed evidence and its legal effect establishes it as a fact that this damage was inflicted by a cause against which the car was not insured. Therefore, it is not necessary to consider Mr. Hurt's insistence that the burden rests upon the Insurance Company to show by a preponderance of the evidence that the damage resulted from an excepted cause.

Judgment affirmed with costs adjudged against Hurt and his surety.

All concur.