CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, NEBRASKA, Appellant-Defendant, v. MRS. CLARENCE ADAMS, Appellee-Plaintiff. —319 S. W. (2d) 486.

Middle Section. July 3, 1958.

Certiorari denied by Supreme Court December 12, 1958.

24

Richard Dance, Nashville, for appellant.

Stockell, Rutherford & Crockett, Nashville, for appellee.

HICKERSON. J. Mrs. Clarence Adams brought this suit to recover upon an automobile insurance policy issued by the defendant Insurance Company to her. The policy had seven specific grounds of coverage; but the automobile of plaintiff was only insured under three grounds of coverage: Coverage B—Collision or Upset; Coverage C—Fire, Lightning and Transportation; and Coverage D—Theft (Broad Form).

The facts of the case eliminate Coverages C and D. So, plaintiff went to trial on Coverage B, and the trial court, without a jury, entered judgment in favor of plaintiff for $400. To review that judgment defendant appealed to this Court and has assigned errors.

The assignments make one question for the determination of this Court: Does the evidence support the judgment of the Court?

The facts are not in dispute. Plaintiff's automobile was insured under Coverage B, which we quote:

"To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the automobile with another object or by upset of the automobile."

The insured automobile was injured by the deliberate acts of plaintiff's husband. He ran his automobile and his truck into the insured automobile intentionally and

with a purpose to injure or destroy it. He just about accomplished his purpose. The truck was practically destroyed.

Defendant contends it is protected by the provisions of Coverage A of the policy contract which are:

"To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, malicious mischief or vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

■ Coverage A does not form a part of the contract between plaintiff and defendant. Plaintiff could not rely on Coverage A to sustain her suit since Coverage A is not a part of her contract. By the same reasoning, defendant cannot urge the provisions of Coverage A as a defense to plaintiff's suit. Barnard v. Houston Fire & Casualty Insurance Co., La.App., 81 So. (2d) 132, 54 A. L. R. (2d) 374.

■ Defense was urged that plaintiff could not recover because the injury to the automobile was intentionally inflicted.

In Insurance Co. v. Bennett, 90 Tenn. 256, 16 S. W. 723, 25 Am. St. Rep. 685, our Supreme Court held that injuries are effected by accidental means if they are injuries which insured could not have reasonably expected or anticipated even though they are intentionally inflicted by a third person when insured had no knowl-

edge of the injuries to be done nor the manner of doing them. Mutual Benefit Health & Accident Ass'n v. Houston, 22 Tenn. App. 570, 124 S. W. (2d) 722.

The general rule is stated in 45 C. J. S. Insurance sec. 772, P. 800, to be:

"In the absence of a provision excepting intentional injuries, injury or death intentionally inflicted by a third person, without the fault of the insured, is within the coverage of an accident policy."

Hurt v. Merchants & Manufacturers Insurance Co., 188 Tenn. 572, 221 S. W. (2d) 808, relied upon by defendant, is not in conflict. In the Hurt case the Court stated that:

"The Insurance Company declined payment on the ground that the damage was caused by collision with another object, hence is a damage against which the car was not insured."

The Court then held in the Hurt case that the proof showed, "beyond any reasonable doubt," that the damage was caused by a collision between the insured automobile and other object and that the policy contract did not insure against damage caused by such collision. The Hurt case was decided upon a provision in, "the comprehensive clause," of the policy.

In the case on trial, "the comprehensive clause," of the policy is not a part of the policy contract, because plaintiff's automobile was not insured under "the comprehensive clause," of the policy.

It is our opinion that the trial court entered the correct judgment. Overrule all assignments of error and affirm that judgment with interest and all costs.

Felts and Shriver, JJ., concur.